1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN FREDERICK COLOMBERO,**<br><br>Petitioner,<br><br>**v.**<br><br>**DAVID DAVEY, Warden,**<br><br>Respondent. | Case No. 1:15-cv-01847 DAD MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. 14]** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, David Davey, Warden of California State Prison - Corcoran, is hereby substituted as the proper named respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. Respondent is represented by Charity S. Whitney of the office of the California Attorney General.

I.      **BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, upon being found guilty of second degree robbery and a number of sentencing enhancements on

1

July 30, 2012. (See Lodged Doc. No. 1.) On August 28, 2012, Petitioner was sentenced to an indeterminate state prison term of forty-one (41) years to life. (Id.)

On November 7, 2013, the California Court of Appeal, Fifth Appellate District, affirmed the judgment. (Lodged Doc. 1.)   On January 15, 2014, the California Supreme Court denied review. (Lodged Docs. 2-3.) Petitioner then proceeded to file four post-conviction collateral challenges with respect to his conviction:

1.  Fresno County Superior Court
    Filed: September 15, 2014[1];
    Denied: October 6, 2014;

2.  Fresno County Superior Court
    Filed: October 29, 2014[2];
    Denied: December 8, 2014;

3.  California Court of Appeal, Fifth Appellate District
    Filed: June 20, 2015[3];
    Denied: August 7, 2015;

4.  California Supreme Court
    Filed: August 14, 2015[4];
    Denied: November 24, 2015;

(See Lodged Docs. 4-11.)

Prior to the filing the instant petition, Petitioner filed a federal habeas petition with this Court challenging the same conviction. The petition was filed on February 4, 2015, and dismissed on June 11, 2015, for failure to exhaust claims in state court. (Colombero v. Gibson, 1:15-cv-00181 LJO MJS HC, Lodged Docs. 12-14.)

---

[1] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988); Campbell v. Henry, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases. Although the petition was filed on September 22, 2014, the petition shall be considered filed on September 15, 2014, the date Petitioner signed the petition.

[2] Although the petition was filed on November 5, 2014, the petition shall be considered filed on October 29, 2014, the date Petitioner signed the petition.

[3] Although the petition was filed on June 30, 2015, the petition shall be considered filed on June 20, 2015, the date Petitioner signed the petition.

[4] Although the petition was filed on August 20, 2015, the petition shall be considered filed on November 24, 2015, the date Petitioner signed the petition.

On December 5, 2015, Petitioner filed the instant federal Petition for Writ of Habeas Corpus in this Court.[5] On April 11, 2016, Respondent filed a Motion to Dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d) and for failure to exhaust state remedies.  (ECF No. 14, Mot. to Dismiss)  Petitioner filed an opposition to the motion on April 21, 2016. (ECF No. 17.) In the opposition, Petitioner requested the unexhausted claims of the petition be dismissed and for him to proceed with only his exhausted claims. (Id.) On June 1, 2016, Respondent filed a reply to the opposition. (ECF No. 21.) The matter stands ready for adjudication.

## II.   DISCUSSION

### A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-

---

[5] Although the petition was filed on December 10, 2015, the petition shall be considered filed on December 5, 2015, the date Petitioner signed the petition.

1    year limitations period.[6] 28 U.S.C. § 2244(d)(1). Because Respondent's motion to

2    dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust

3    state remedies or for state procedural default and Respondent has not yet filed a formal

4    answer, the Court will review Respondent's motion to dismiss pursuant to its authority

5    under Rule 4.

6    **B.    Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

7        On April 24, 1996, Congress enacted the Antiterrorism and Effective Death

8    Penalty Act of 1996 (hereinafter "AEDPA").  AEDPA imposes various requirements on all

9    petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy,

10   521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th

11   Cir. 1997).

12       In this case, the petition was filed on December 5, 2015 and is subject to the

13   provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners

14   seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As

15   amended, § 2244, subdivision (d) reads:

16       (1)  A 1-year period of limitation shall apply to an application for a writ of
17       habeas corpus by a person in custody pursuant to the judgment of a State
         court.  The limitation period shall run from the latest of –

18           (A) the date on which the judgment became final by the conclusion
19           of direct review or the expiration of the time for seeking such
             review;

20           (B) the date on which the impediment to filing an application
21           created by State action in violation of the Constitution or laws of the
             United States is removed, if the applicant was prevented from filing
22           by such State action;

23           (C) the date on which the constitutional right asserted was initially
             recognized by the Supreme Court, if the right has been newly
24           recognized by the Supreme Court and made retroactively
             applicable to cases on collateral review; or

25           (D) the date on which the factual predicate of the claim or claims
26           presented could have been discovered through the exercise of due

27       _____
         [6] As Petitioner has requested his unexhausted claims be dismissed from the petition,
         Respondent's claims that the petition is unexhausted have been mooted. Only the timeliness issue
28       remains.

4

diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, the California Supreme Court denied review on January 15, 2014. The state appeal process became final ninety days later, on April 15, 2014, when the time for seeking certiorari with the United States Supreme Court expired. U.S. Supreme Court rule 13; Bowen v. Rowe, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations began to run the following day, on April 16, 2014. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner had one year from April 16, 2014, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed in filing the instant petition until December 15, 2015, eight months after the statute of limitations expired. Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred by the statute of limitations.

## C.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was

1    timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544

2    U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or

3    determined by the federal courts to have been untimely in state court will not satisfy the

4    requirements for statutory tolling. Id.

5          Petitioner's first state petition was filed on September 15, 2014, 153 days after the

6    commencement of the limitations period on April 15, 2014. While state petitions may toll

7    the limitations period, Respondent contends that Petitioner is not entitled to tolling during

8    the pendency of the first petition because it was not properly filed. Review of the petition

9    reveals that Fresno County Superior Court did not address the merits of the claims

10   presented by Petitioner. Instead, the court found that Petitioner failed to attach a proper

11   proof of service to the district attorney as required by California law. (Lodged Doc. 5 at 1-

12   2.) Based on prior California case law, the court determined it lacked authority to

13   consider the claims presented, and denied the petition without prejudice to allow

14   Petitioner to refile a petition that could be properly served on the district attorney. (Id.)

15   Federal courts look to state law to determine whether an application is "properly filed"

16   under § 2244(d)(2). Curiel v. Miller, 780 F.3d 1201, 1203 (9th Cir. 2015). And the Ninth

17   Circuit has held that such technical errors in violation of state law, such as failing to

18   verify a petition, prevent a petition from being properly filed. See Zepeda v. Walker, 581

19   F.3d 1013, 1017 (9th Cir. 2009). Petitioner's first petition was not properly filed, and

20   Petitioner is not entitled to statutory tolling during its pendency.

21         Petitioner next filed a petition with the Fresno County Superior Court on October

22   29, 2014, Respondent concedes that Petitioner is entitled to tolling during the time the

23   petition was pending in state court. However, 196 days of the limitation period passed

24   before the second petition was filed. Based on such tolling, 169 days of the limitations

25   period remained when the Superior Court petition was denied on December 8, 2014.

26         Petitioner next filed a petition with the California Court of Appeal on June 20,

27   2015. (Lodged Doc 8.) Petitioner delayed 193 days from the denial of his second petition

28   to the filing of his third habeas petition. Unexplained delays of such duration are

1   unreasonable, and not entitled to statutory tolling. See Velasquez v. Kirkland, 639 F.3d

2   964 (9th Cir. 2011) (unexplained eighty and ninety-one day delays in filing are

3   unreasonable under California law and prevent tolling of AEDPA's one year statute of

4   limitations.). As only 169 days of the limitations period remained as of the denial of the

5   second petition on December 8, 2014, the limitations period expired on May 26, 2015,

6   prior to the filing of Petitioner's third and fourth habeas petitions. State petitions filed

7   after the expiration of the statute of limitations period have no tolling effect. Ferguson v.

8   Palmateer, 321 F.3d 820 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation

9   of the limitations period that has ended before the state petition was filed."). Petitioner

10  also filed a prior federal habeas petition that was dismissed for failure to exhaust state

11  remedies. However, prior federal habeas petitions do not serve to toll the limitations

12  period. Duncan v. Walker, 533 U.S. 167, 181-182 (2001).

13          Therefore, the present federal petition, filed on December 5, 2015, was filed over

14  six months after the limitations period and is untimely.

15          **D.     Equitable Tolling**

16          The limitations period is subject to equitable tolling if the petitioner demonstrates:

17  "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

18  circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010);

19  quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would

20  give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th

21  Cir. 1993). In his objections to the motion to dismiss Petitioner presents single ground for

22  equitable tolling. He claims that he was never provided a copy of a defense investigation

23  report prepared by Ms. Castellanos.

24          The Ninth Circuit has recognized that a petitioner's separation from his file and

25  transcripts may provide a basis for equitable tolling. See Ramirez v. Yates, 571 F.3d

26  993, 998 (9th Cir. 2009) (a complete lack of access to a legal file may constitute an

27  extraordinary circumstance); United States v. Battles, 362 F.3d 1195, 1197 (9th Cir.

28  2004) (equitable tolling may be allowed if counsel withheld transcripts during limitations

7

1   period). Here, Petitioner attaches to his opposition communications from Petitioner, and

2   a letter from the California State Bar, requesting that trial counsel provide Petitioner with

3   his court file. (Opp'n, ECF No. 14.)

4        While the Court will assume that Petitioner lacked the investigation report, it is

5   unclear whether it was necessary to prepare his claims for review. Petitioner has not

6   described the contents of the report (although it could be that Petitioner has not seen the

7   report and isnot aware of its contents), but, more importantly, he has not described what

8   information in the report would have been beneficial to the claims contained in this

9   petition.

10        Respondent did not provide the investigation report, but did provide the Court with

11   Ms. Castellanos' testimony during trial. After reviewing the report to refresh her

12   recollection, she testified that the victims, when interviewed, stated that Petitioner

13   approached them while they were in a car and requested money and threatened that he

14   had a knife, even though he did not brandish it. (Lodged Doc. 15.) Nothing stated by Ms.

15   Castellanos in trial indicated that the contents of the report would be helpful to Petitioner.

16   Without providing some reason why the report would have been helpful to his defense,

17   Petitioner has not shown extraordinary circumstances or made a sufficient showing that

18   he was prevented from filing for habeas relief due to the lack of access to the

19   investigation report during the duration of the statute of limitations period.

20        Accordingly, Petitioner is not entitled to the benefit of equitable tolling and his

21   petition remains untimely.

22   **III.**   **CONCLUSION**

23        As explained above, Petitioner failed to file the instant petition for Habeas Corpus

24   within the one year limitation period required by 28 U.S.C. § 2244(d). Petitioner is

25   entitled to the benefit of statutory tolling, however the federal petition remains untimely

26   filed. Based on the foregoing, this Court recommends that Respondent's motion to

27   dismiss be GRANTED.

28

## IV.    RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period be GRANTED.

This Findings and Recommendation is submitted to the assigned  United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   June 17, 2016          /s/ Michael J. Seng

UNITED STATES MAGISTRATE JUDGE